NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

THE BANK OF NEW YORK MELLON
TRUST COMPANY NATIONAL
ASSOCIATION,

        Plaintiff,

        v.

JOANNE FABER et al.,

        Defendants.

Civil Action No. 26-823 (RK) (RLS)

**MEMORANDUM ORDER**

---

**THIS MATTER**, having come before the Court upon the "Post-Remand Affidavit for Recovery of 28 U.S.C. § 1447(c) Expenses and Fees" ("Affidavit") of Brett L. Messinger ("Mr. Messinger"), (ECF No. 16), counsel for Plaintiff The Bank of New York Mellon Trust Company National Association ("Plaintiff"), seeking attorney's fees in the amount of $3,816.50; and

**THE COURT NOTING** that, having reviewed Mr. Messinger's Affidavit, Mr. Messinger asserts that Plaintiff is entitled to attorney's fees incurred as a result of Defendant Joanne Faber's ("Defendant") improper removal of this action. (ECF No. 16 ¶¶ 3, 8; ECF No. 1 (Defendant's Notice of Removal).) Mr. Messinger timely submitted his affidavit eight days after the Court's order remanding this case. (ECF Nos. 13, 16); L. Civ. R. 54.2(a) (requiring requests for attorney's fees to be filed within 30 days of the applicable Court order). Mr. Messinger requests attorney's fees in connection with the 8.2 hours he and his associate, Kassia Fialkoff, spent "in connection with addressing the improper removal," including their time drafting a motion to remand and preparing for an order to show cause hearing. (ECF No. 16 ¶¶ 7, 9.) Defendant did not oppose; and

**WHEREAS**, the Court is discretion to grant attorney's fees and costs "incurred as a result of the removal," 28 U.S.C. § 1447(c); and

**WHEREAS**, the Court may award such fees and costs under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); and

**WHEREAS**, the Third Circuit has recognized that a state court defendant attempting removal of a case "based on a federal question appearing in a counterclaim, crossclaim, or third-party complaint" is objectively unreasonable and justifies the entry of attorney's fees and costs, *Kislak Co. v. Prominent Props. LLC*, No. 23-2718, 2024 WL 3292755, at *2 (3d Cir. July 3, 2024); and

**WHEREAS**, the Honorable Peter G. Sheridan, U.S.D.J. (ret.), following Defendant's earlier attempt at removal, remanded this case back to New Jersey Superior Court in 2018 because "federal jurisdiction cannot rest upon an actual or anticipated counterclaim.", *see Bank of N.Y. Mellon Tr. Co. v. Faber* (*Faber I*), No. 17-5695, 2018 WL 1610955, at *2 (D.N.J. Apr. 3, 2018) (quotation omitted); and

**WHEREAS**, the Third Circuit has held that vague purported equal protection or due process problems in the course of state court proceedings do not constitute sufficient bases for removal under 28 U.S.C. § 1443, which requires that a party "must allege a specific right under a law in terms of racial equality and a denial of that right in state court," *J&J Mobile Home Park Inc. v. Bell*, 266 F. App'x 195, 196 (3d Cir. 2008) (per curiam), *see also Blue Foundry Bank v. Arsenis*, No. 24-2746, 2025 WL 1441127, at *2 (3d Cir. May 20, 2025) (citing *Davis v. Glanton*, 107 F.3d 1044, 1049 (3d Cir. 1997) (explaining that "[t]he civil rights at issue must involve racial equality"); and

2

**WHEREAS,** district courts do not "lose jurisdiction to award fees and costs when the clerk of the district court mail[s] a certified copy of the order of remand to the clerk of the Superior Court," *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1257 (3d Cir. 1996); *see also id.* ("If the district court entertains a post-remand application for fees and costs, it does not interfere with or even affect the proceedings in the state court."); and

**THE COURT FINDING** it was objectively unreasonable for Defendant to attempt removal of the state court action. Following the Court's Order to Show Cause as to why the case should not be remanded, Defendant offered the incoherent reply that remand was inappropriate "based on 28 U.S.C. § 1443, 14th Amendment. The Writ is void per the Superior Court Order of September 18, 2023, of which [sic] Rooker Feldman applies [sic] to this Superior Court Order, and attempts of obfuscation do not change this fact. The NJ Supreme Court appeal is ongoing of which debt collectors or plaintiff have abandoned." (ECF No. 11 at 1–2 (citation omitted).) Defendant follows this confusing assertion by later arguing that remand is inappropriate because of purported violations of the Fifth Amendment Takings Clause. (*Id.* at 5.) These justifications for removal, to the extent the Court can discern them, are objectively unreasonable.[1] As stated above, "[t]here was no federal question presented on the face of [Plaintiff's] well-pleaded state court complaint such that [Defendant] had any objectively reasonable grounds to remove." *Kislak Co.*,

---

[1] Defendant, in passing, states in her notice of removal that "[t]his matter of controversy is in excess of $75,000.00 whereby the Federal Court has jurisdiction based on diversity jurisdiction." (ECF No. 1 at 2 (citing 28 U.S.C. § 1332).) This single sentence is the entirety of Defendant's asserted basis for diversity jurisdiction; nowhere in Defendant's notice of removal does she plead the citizenship of even one of the nine parties to this action. (*See generally* ECF No. 1.) Defendant abandons this basis for jurisdiction entirely in her response to the Court's Order to Show Cause and relies solely on the other jurisdictional theories discussed above. (*See generally* ECF No. 11.) To the extent an assertion of diversity jurisdiction was not forfeited when Defendant did not raise it in response to the Court's Order, the failure to even *attempt* to plead the citizenship of the parties to this action again demonstrates that Defendant's attempted removal was objectively unreasonable. *See, e.g., Van Wyk v. Cevasco*, No. 08-3650, 2009 WL 2365985, at *3 (D.N.J. July 31, 2009) ("The failure to allege a party's citizenship in a particular state is fatal to diversity jurisdiction." (cleaned up) (quoting *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000))).

2024 WL 3292755, at *2; (ECF No. 1-3 (Plaintiff's Second Amended Complaint presenting no federal question)); *see also J&J Mobile Home Park Inc.*, 266 F. App'x at 196 (holding that failure to specify equal protection violation justifying removal under 28 U.S.C. § 1443 justified remand); *Blue Foundry Bank*, 2025 WL 1441127, at *2 (explaining that removal under 28 U.S.C. § 1443 requires "racial equality" civil rights issue). This deficiency alone would justify the entry of attorney's fees and costs for Plaintiff, but, what is more, this is Defendant's second attempt to remove the same case on substantially the same grounds. *Faber I*, 2018 WL 1610955, at *2. Including Defendant's other attempt to collaterally attack the state court suit through *yet another* case in federal court, it is astoundingly clear that Defendant lacked a reasonable basis to attempt removal nearly ten years into this lawsuit. *See Faber v. Bank of N.Y. Mellon*, No. 23-4520, 2024 WL 5186913, at *1 (D.N.J. Dec. 20, 2024); *see also In re Card*, No. 24-3150, 2025 WL 2017284, at *2 (3d Cir. July 18, 2025) ("This case represented the Appellants' third attempt to remove this action to federal court, the previous two cases were dismissed and remanded to state court for lack of subject matter jurisdiction, and this case asserted essentially the same grounds for removal. . . . We thus discern no abuse of discretion in the District Court's conclusion that an award of costs . . . was reasonable."); and

**THE COURT FURTHER FINDING** that Mr. Messinger's request for attorney's fees of $3,816.50 is reasonable. Mr. Messinger has supported his request with redacted timesheets showing his and Ms. Fialkoff's time billed in connection with Defendant's improper removal. (ECF No. 16-1.) The total of 8.2 hours related to reviewing the relevant removal papers, responding to various motions from Defendant, and preparing for the Court's show cause hearing. (*See generally id.*) This was a more than reasonable amount of time to address Defendant's improper removal, including (1) the removal itself, (ECF No. 1), (2) Defendant's motion for *writ*

4

*quo warranto*, (ECF No. 4), and (3) the Court's order to show cause hearing on May 4, 2026, at which Ms. Fialkoff was the only attorney to make an appearance, (ECF Nos. 12–13). Furthermore, Mr. Messinger and Ms. Fialkoff's rates, $620 and $425 per hour respectively, are more than reasonable given their decades of experience and the relative attorney billing rates in the region. (ECF No. 16 ¶¶ 6–7 (Mr. Messinger averring 34 years of experience practicing law himself and 15 years for Ms. Fialkoff)); *Asdal Holdings, LLC v. IdeaSoil, LLC*, No. 22-4158, 2025 WL 1453134, at *4 (D.N.J. May 21, 2025) (concluding that rates of $620, $690, and $750 and higher per hour were reasonable rates in New Jersey given similar backgrounds of counsel); *see also Harlan v. Transworld Sys., Inc.*, No. 13-5882, 2015 WL 505400, at *11 (E.D. Pa. Feb. 6, 2015) (concluding that $620 an hour was a reasonable rate for an experienced litigation partner in the Philadelphia area).

IT IS on this 4th day of June, 2026,

**ORDERED** that Mr. Messinger's request for attorney's fees (ECF No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall be awarded attorney's fees from Defendant Joanne Faber in connection with her objectively unreasonable removal in the amount of $3,816.50 pursuant to 28 U.S.C. § 1447(c).

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

5